IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-388-BO

| | | |
|---|---|---|
| EVELYN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's and the Government's Motion for Judgment on the Pleadings. Plaintiff's Motion is GRANTED and this case is REMANDED for further proceedings.

I. FACTS

Plaintiff was born on September 12, 1962. She applied for Supplemental Security Income Benefits on September 2, 2005. Her claim was initially denied on January 26, 2006, and was again denied upon reconsideration on December 8, 2006. (Tr 33, 36).

An ALJ held a hearing on May 5, 2009, and found that Plaintiff was not disabled on September 23, 2009. (Tr. 8). The Appeals Council denied Plaintiff's request for review on July 29, 2010. (Tr. 4). Plaintiff filed her claim in this Court on September 20, 2010 and this Court now reviews the pursuant to 42 U.S.C. §405(g). Plaintiff currently challenges the ALJ's findings concerning her back pain and depression.

A. Administrative Hearing

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since the alleged onset date (Tr. 13). At step two, the ALJ determined that Plaintiff's degenerative joint disease of the spine and hip, hypertension, gastroesophageal reflux disease (GERD), anxiety, and depression were severe impairments (Tr. 13-14). At step three, the ALJ determined that Plaintiff's impairments were not severe enough to meet the criteria of any Listings.

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform light work with a sit/stand option and a limitation to simple, routine, and repetitive tasks. (Tr. 15). At step four, the ALJ concluded that Plaintiff had no past relevant work (Tr. 19). At step five, the ALJ relied on the testimony of a VE in finding that Plaintiff could perform jobs in the national economy, including the jobs of parking lot attendant, office helper, and photocopy machine operator. (Tr. 20).

II. DISCUSSION

Plaintiff argues that the ALJ made two errors. First, she claims that the ALJ erred in not finding that her degenerative joint disease of the spine met Listing 1.04. Second, she claims that the ALJ improperly assessed her credibility, violating Social Security Ruling 96-7p.

The Court finds the ALJ made no error regarding Listing 1.04. However, the Court does find that the ALJ improperly assessed Plaintiff's credibility.

A. Standard of Review

The Social Security Act defines "disability" as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." See 42 U.S.C. § 423(d)(1)(A).

In reviewing a final decision of no disability by the Social Security Administration Commissioner, the Court must determine whether the Commissioner's decision is supported by substantial evidence under 42 U.S.C. § 405(g), and whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law.

The Social Security disability analysis follows five steps. An ALJ must consider (1) whether the Plaintiff is engaged in substantial gainful activity, (2) whether the Plaintiff has a severe impairment, (3) whether the Plaintiff has an impairment that meets or equals a condition contained within the Social Security Administration's official list of impairments, (4) whether the Plaintiff has an impairment which prevents past relevant work, and (5) whether the Plaintiff's impairment prevents the performance of any substantial gainful employment. 20 C.F.R.§§ 404.1520, 1520a.

The plaintiff bears the burden for steps one, two, three, and four, while the Defendant shoulders the burden for step five. If the Plaintiff shows by a preponderance of evidence that he has a statutory impairment under step three, he is conclusively presumed to have a disability and the analysis ends. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Alternatively, if the plaintiff fails to prevail under step three, she can still show she has an impairment that prevents her from continuing past work under step four. If so, the burden shifts to the Defendant to establish that the plaintiff is able to perform another job available in the national economy under step five. Id. at n. 5.

## B. Listing 1.04, Disorders of the Spine

Plaintiff argues that the ALJ should have found she met Listing 1.04, Section A for nerve root compression. Substantial evidence, however, supports the ALJ's rejection of this argument.

Listing 1.04 is met when an individual has a condition that results in the compromise of a nerve root or the spinal cord with:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpt. P, Appendix I § 1.04.

At the very least, Plaintiff failed to show that she had the motor loss and positive results on the straight-leg raising test required by the listing. The treatment notes reflect that Plaintiff had no deficiencies in muscle strength or reflexes. (Tr. 96-129, 174-75, 183-206). Additionally, although Plaintiff has had three positive results for the straight-leg raising test in the supine position in July 2005 and January 2006 (Tr. 98, 201, 201), several of Plaintiff's straight-leg raising tests were negative in the supine position. (See, e.g., Tr. 127-28). Moreover, Plaintiff has never tested positive for straight-leg raising in the sitting position. (See, e.g., 98). Thus, the ALJ properly found that Plaintiff failed to show she qualified for the listing.

## C. Credibility

The ALJ, however, did not properly assess Plaintiff's credibility regarding either her back pain or depression.

Under the regulations, the determination of whether a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities and that could reasonably be expected to produce the pain or other symptoms

4
Case 5:10-cv-00388-BO   Document 22   Filed 08/05/11   Page 4 of 7

alleged. See Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(b), 416.929(b). After a claimant has met his threshold obligation of showing a medical impairment reasonably likely to cause the pain claimed, the ALJ then evaluates the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work. Id. Under the regulations, this evaluation must take into account not only the claimant's statements about her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings.

i. Physical limitations

Here, the ALJ explained that he did not find Plaintiff's statements about the intensity and persistence of her pain credible at step two because: 1) there was no radiological or clinical evidence of nerve root compression; 2) she did not have any limitation of motion of the spine or hip joint; 3) her medication was reportedly helpful; 4) she had not required such aggressive measures for symptom relief as ongoing use of steroid medication, epidural injections, application of TENS equipment, or enrollment in a physical therapy or pain management program; and 5) the evidence did not reflect a change in motor tone or bulk (such as disuse atrophy) or other changes in her body habitus or constitutional appearance (such as weight loss) that would be expected with a debilitating disease process (Tr. 19).

First, both Plaintiff's primary care physician and the ER doctors at Wayne Memorial Hospital observed clinical signs of nerve compression. Her doctors observed signs of sciatica, and it was explained to her that this resulted from compression of the nerve roots exiting the spinal cord. (Tr. 110-128). Plaintiff has also had three positive straight-leg raise tests. (Tr. 92, 201, 202). Additionally, her dermatomes are reactive at the L3, L4 and L5 nerve roots and her L4 through S1 myotomes are positive for compression as well. (Tr. at 201).

5

The ALJ's characterization of Plaintiff's treatment is also misleading. The reason doctors did not prescribe ongoing steroid treatment was because her past steroid treatment was unhelpful. (116-206). Her primary physician has instead attempted to manage Plaintiff's pain with prescription medicine. See, e.g., (Tr. 174, 196, 199).

Plaintiff also has in fact had a change in constitutional appearance. She has gained 40 pounds since her back pain started to worsen in 2005, reflecting her decreased ability to exercise. (Tr 211).

Therefore, the ALJ did not provide adequate reasons for finding Plaintiff lacked credibility regarding her back pain.

### ii. Mental limitations

The ALJ's also did not properly assess Plaintiff's credibility regarding her mental limitations.

The ALJ relied solely on the opinion of examining physician Dr. Kohli, a DDS consult, who found that Plaintiff had "none to mild" limitations in her ability to perform the mental demands of work. (Tr 19). However, the ALJ made no mention of Dr. Kohli's diagnosis of "major depression, severe, recurrent without psychosis." Nor did the ALJ mention that Dr. Kohli gave Plaintiff a GAF of 50. (Tr 211). This range of functioning indicates "serious impairment in social, occupational, or school functioning (e.g. no friends, unable to keep a job)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

Thus, the record does not support that Plaintiff lacks credibility regarding the intensity and persistence of her depression.

III. <u>CONCLUSION</u>

The Plaintiff's Motion for Judgment on the Pleadings is GRANTED and the case is REMANDED for further evaluations of Plaintiff's functional and mental limitations.

SO ORDERED, this __5__ day of August, 2011.

                                                           TERRENCE W. BOYLE
                                                         UNITED STATES DISTRICT JUDGE